UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN R.,[1] | Case No. 2:20-cv-11257-GJS |
| Plaintiff | |
| v. | **MEMORANDUM OPINION AND ORDER** |
| KILOLO KIJAKAZI, Acting Commissioner of Social Security,[2] | |
| Defendant. | |

## I. PROCEDURAL HISTORY

Plaintiff Juan R. ("Plaintiff") filed a complaint seeking review of the decision of the Commissioner of Social Security denying his applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). The parties filed consents to proceed before the undersigned United States Magistrate Judge

---

[1] In the interest of privacy, this Order uses only the first name and the initial of the last name of the non-governmental party.

[2] On July 9, 2021, Kilolo Kijakazi was named Acting Commissioner of the Social Security Administration. *See https://www.ssa.gov/history/commissioners.html*. She is therefore substituted as the defendant in this action. See 42 U.S.C. § 405(g) (referring to the "Commissioner's Answer"); 20 C.F.R. § 422.210(d) ("the person holding the Office of the Commissioner shall, in [their] official capacity, be the proper defendant").

1  [Dkts. 11 and 12] and briefs addressing disputed issues in the case [Dkt. 16 ("Pltf.
2  Br.") and Dkt. 24 ("Def. Br.")].  The Court has taken the parties' briefing under
3  submission without oral argument.  For the reasons discussed below, the Court finds
4  that this matter should be affirmed.

## II.  ADMINISTRATIVE DECISION UNDER REVIEW

Plaintiff filed applications for SSI and DIB, alleging disability as of March 5, 2017.  [Dkt. 15, Administrative Record ("AR") 22.]  Plaintiff's applications were denied at the initial level of review and on reconsideration.  [AR 22, 169-174, 177-182.]  On July 31, 2020, a hearing was held before Administrative Law Judge Pearline Hardy ("the ALJ").  [AR 36-56.]  On August 11, 2020, the ALJ issued an unfavorable decision.  [AR 22-30.]

The ALJ applied the five-step sequential evaluation process to find Plaintiff not disabled.  *See* 20 C.F.R. § 416.920(b)-(g)(1).  At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since the alleged onset date.  [AR 24.]  At step two, the ALJ found that Plaintiff suffered from the severe impairments of sensorineural hearing loss bilaterally, gout, and obesity.  [AR 25.]  At step three, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of one of the impairments listed in Appendix I of the Regulations, ("the Listings").  [AR 25].  Next, the ALJ found that Plaintiff had the residual functional capacity ("RFC") to perform medium work (20 C.F.R. § 404.1567(c)), with the following limitations:

> no climbing of ladders, ropes, or scaffolding; occasional climbing of ramps or stairs and crawling; frequent kneeling and balancing; occasional pushing and pulling of the bilateral lower extremities; occasional operation of foot controls; no telephone communication required for job tasks or fine hearing capability required; a moderate noise level environment; and no work at unprotected heights.

[AR 25.]  At step four, the ALJ found that Plaintiff was unable to perform any past

relevant work. [AR 28.] At step five, the ALJ determined that Plaintiff could perform jobs existing in significant numbers in the national economy, including representative occupations such as packer, linen room attendant, and laundry worker based on Plaintiff's RFC, age (58 years at time of application), marginal education, and work experience. [AR 28.]

The Appeals Council denied review of the ALJ's decision on October 27, 2020. [AR 1-9.] This action followed.

### III. GOVERNING STANDARD

Under 42 U.S.C. § 405(g), the Court reviews the Commissioner's decision to determine if: (1) the Commissioner's findings are supported by substantial evidence; and (2) the Commissioner used correct legal standards. *Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1159 (9th Cir. 2008); *Hoopai v. Astrue*, 499 F.3d 1071, 1074 (9th Cir. 2007). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (internal citation and quotations omitted); *see also Hoopai*, 499 F.3d at 1074.

### IV. DISCUSSION

In his first two issues, Plaintiff contends that the decision of the Commissioner should be remanded because the ALJ failed to fully develop the record, specifically by failing to order an updated consultative examination and/or obtaining a medical expert's opinion at the administrative hearing. [Pltf.'s Br. at 2-5.] In his third and fourth issues, Plaintiff asserts that the ALJ erred at step five when she failed to account for his inability to speak English in the RFC. [Pltf.'s Br. at 7-8.] The Court addresses Plaintiff's contentions below and finds that reversal is not warranted.

**1.    Waiver and Duty to Develop the Record**

    **A.    Relevant Proceedings Related to Plaintiff's Hearing Loss**

On January 31, 2018, Plaintiff filed his applications for benefits, alleging that

3

he became disabled and unable to work as of March 5, 2017, due to partial hearing loss, left knee pain, and shoulder pain. [AR 314-15, 316-20, 369.] On January 27, 2018, Plaintiff visited audiologist Sarah Balsam for "his annual audiological evaluation and hearing aid evaluation." [AR 444.] His test results from the audiological exam indicated "essentially mild hearing loss in his right ear and moderate to profound hearing loss in his left ear. Word recognition scores demonstrated good speech discrimination in his right ear and a poor understanding of the left ear." [AR 444.] Due to his hearing limitations and sensitivity in his left ear, the audiologist recommended specialized hearing aids for both ears. [AR 445.]

A few months later on May 21, 2018, internal medicine physician, Azizollah Karamlou, M.D. conducted a consultative examination ("CE"). [AR 452-453.] In addition to the physical examination, Dr. Karamlou reviewed Ms. Balsam's audiology report concerning Plaintiff's hearing loss. [AR 452.] Dr. Karamlou determined that Plaintiff suffers with "decreased hearing acuity" and "he currently has difficulty hearing with normal conversation" for which "he has been evaluated and was advised to use a hearing aid." [AR 452.] Based on the clinical findings, Dr. Karamlou opined that Plaintiff could perform the equivalent of light work with exertional limitations that would need to accommodate Plaintiff's "severe compromised hearing condition." [AR 453.]

Two years later, Plaintiff appeared with his attorney from the Bill LaTour Law Offices at a hearing before the ALJ on July 31, 2020. [AR 38-56.] At the beginning of the hearing, the ALJ confirmed with Plaintiff's counsel that he had an opportunity to review the record. When invited to bring up any issues about the record, counsel agreed that the record was complete. [AR 41.] During the hearing, Plaintiff testified that he stopped working in 2017 due to problems with his ears. [AR 44-45.] Plaintiff explained that he "experiences pain on the left side of his ear" and noises cause his eardrums to feel numb. [AR 45, 46.] He is unable to hear in his left ear, but he "can listen a little" in his right ear. [AR 45.] At the end of the

hearing, the ALJ indicated that a decision would be out as soon as possible. [AR 55.] Counsel did not request to hold the record open so that he could submit additional medical evidence. [AR 55.]

### B. Discussion

In the instant motion, Plaintiff argues that the ALJ failed to discharge her legal duty to obtain a more recent expert opinion from a testifying medical expert or a second consultative examiner on Plaintiff's hearing loss. Defendant counters that: (1) Plaintiff forfeited his duty to develop argument because his attorney advised the ALJ that the administrative record was complete; and (2) even if Plaintiff's argument was not waived, there was no ambiguity or inadequacy in the record to trigger the ALJ's duty to develop the record. [Def.'s Br. at 8-12.]

Preliminarily, as a rule, "when claimants are represented by counsel, they must raise all issues and evidence at their administrative hearings in order to preserve them on appeal." *Meanel v. Apfel*, 172 F.3d 1111, 1115 (9th Cir. 1999). Further, courts have determined that when counsel represents a claimant at the hearing and indicates the record is "complete," the claimant waived any challenge that the ALJ erred by not developing the record. *See, e.g., Findley v. Saul*, 2019 U.S. Dist. LEXIS 147761, 2019 WL 4072364 at *6 (E.D. Cal. Aug. 28, 2019) (finding the ALJ was not obligated to further develop the record where counsel stated at the hearing that the record was complete); *Chavez v. Berryhill*, 2019 U.S. Dist. LEXIS 167329, 2019 WL 4738235 at *10 (N.D. Cal. Sept. 27, 2019) (where counsel stated "unequivocally" that "[t]he record is complete," the court found the plaintiff waived her argument that "the Commissioner failed to develop the record" because the issue was not raised at the hearing); *Michelle Alicia S. v. Berryhill*, 2019 U.S. Dist. LEXIS 24487, 2019 WL 631913 at *8 (C.D. Cal. Feb. 14, 2019) ("the ALJ did not err in not developing the record further," and the claimant "waived her right to make the [argument] by agreeing that the record was complete"); *Morussi v. Astrue*, 2012 U.S. Dist. LEXIS 159197, 2012 WL 5412106 (C.D. Cal. Nov. 5, 2012)

1    (rejecting an argument that "the ALJ erred in failing to obtain additional treatment
2    records" because "[t]he ALJ had no obligation to search for additional records when
3    plaintiff's attorney affirmatively represented that the records were complete").
4         Here, Plaintiff was represented at the administrative hearing by an attorney
5    from the Bill LaTour Law Offices, the law firm that is also representing Plaintiff
6    with this appeal. [AR 22.] The ALJ asked counsel if he "had an opportunity to
7    review the record." [AR 40-41.] Counsel confirmed he reviewed the record. [AR
8    41.] When the ALJ inquired whether the record was "complete," counsel
9    responded: "It is complete, Your Honor." [AR 41.] Because counsel confirmed the
10   record was complete—and did not raise the issue at the administrative level
11   regarding the older examining opinion—the issue has been waived on appeal. *See
12   Meanel*, 172 F.3d at 1115; *Findley*, 2019 U.S. Dist. LEXIS 147761, 2019 WL
13   4072364 at *6; *Chavez*, 2019 U.S. Dist. LEXIS 167329, 2019 WL 4738235 at *10.
14        Moreover, even if the issue had not been forfeited, Plaintiff has not shown
15   that it warrants remand. "An ALJ's duty to develop the record further is triggered
16   only when there is ambiguous evidence or when the record is inadequate to allow
17   for proper evaluation of the evidence." *Mayes v. Massanari*, 276 F.3d 453, 459-60
18   (9th Cir. 2001). Plaintiff has not demonstrated that the record was ambiguous or
19   inadequate to allow for proper evaluation. Rather, Plaintiff argues that the ALJ's
20   duty to develop the record further was automatically triggered because the
21   examining physician's opinion—authored two years prior to the ALJ's decision—
22   had become stale. [Pltf.'s Br. at 3.]
23        Contrary to Plaintiff's assertion, the age of a medical opinion alone does not
24   render it stale. *See David P. v. Saul*, No. 19-cv-01506-BEN-AHG, 2020 WL
25   4593311, at *1 (S.D. Cal. Aug. 11, 2020) (adopting report and recommendation that
26   held a two-year-old medical opinion was not stale), *vacated and remanded on other*
27   *grounds sub nom.*, *Politte v. Kijakazi*, No. 21-55341, 2021 WL 5860767 (9th Cir.
28   Aug. 10, 2021). Moreover, an updated opinion is not required simply because time

elapses between an examination and the ALJ's decision.  *See Owen v. Saul*, 808 Fed. Appx. 421, 423 (9th Cir. 2020) ("[T]here is always some time lapse between a consultant's report and the ALJ hearing and decision, and the Social Security regulations impose no limit on such a gap in time.")  Such an occurrence is quite common.  *See De Hoog v. Comm'r of Soc. Sec.*, No. 2:13cv0235-KJN, 2014 U.S. Dist. LEXIS 100712, 2014 WL 3687499, at *7 (E.D. Cal. July 23, 2014) (explaining that "[i]n virtually every case further evidence is received after the [S]tate agency physicians render their assessments—sometimes additional evidence and records are even received after the ALJ hearing.)

To render an opinion stale, "subsequent evidence must be contradictory—or at least inconsistent—with the earlier opinion in some material manner." *Digiacomo v. Saul*, No. 19-cv-00494-BAM, 2020 WL 6318207, at *8 (E.D. Cal. Oct. 28, 2020) (finding no error when the plaintiff had not identified subsequent records that were "materially inconsistent" with the opinions relied upon).  Here, Plaintiff does not cite or otherwise identify any ambiguous or unclear treatment notes, medical opinions, or other evidence.  The ALJ summarized the medical evidence in the record, including evidence related to Plaintiff's hearing loss and Plaintiff's testimony about his use of hearing aids, and determined Plaintiff's RFC with the support of that record.  [AR 27.]  That evidence was complete, and Plaintiff has not pointed to any evidence suggesting that his hearing loss or other severe impairments worsened after the consultative examination.  Accordingly, the ALJ was not obligated to further develop the record.  *See Albrecht v. Astrue*, No. 1:11-cv-01319 GSA, 2012 U.S. Dist. LEXIS 121517, 2012 WL 3704798, at *12 (E.D. Cal. Aug. 27, 2012) (Consultative examination regarding Plaintiff's impairments "not necessary" where the existing evidence was sufficient to support the ALJ's determination…and such an exam was not needed to resolve an inconsistency).

**2.      The ALJ's Consideration of Plaintiff's Inability to Speak English**

In his next two issues, Plaintiff argues that the ALJ erred at step five by

7

failing to include in her RFC assessment or in the VE hypothetical that Plaintiff was unable to communicate in English. [Pltf.'s Br. at 5-8.] Plaintiff notes that while the ALJ found that he has a marginal education (based on his sixth-grade education in Mexico), the ALJ did not make a finding regarding whether Plaintiff—who primarily speaks Spanish and testified with the assistance of a Spanish interpreter—can communicate in English. [AR 28.] Although Plaintiff fails to include the appropriate citation, Plaintiff's argument relies on 20 C.F.R. §§ 404.1564, 416.964(b)(5) for the proposition that "education level" includes consideration of the ability to speak, read and understand English. See 20 CFR 404.1564(b)(5) and 416.964(b)(5).

In response, the Commissioner contends that Plaintiff's argument relies on an outdated version of 20 C.F.R. § 416.964, and that the ALJ's decision complies with the applicable version of that regulation. [Def.'s Br. at 13-15 (citing 20 C.F.R. § 416.964).] Plaintiff did not file a reply.

As correctly noted by the Commissioner, the regulation concerning education has been amended to eliminate any reference to the ability to speak, read and understand English. *See Alicea v. Kijakazi*, 2022 WL 902858, at *8, 2022 U.S. Dist. LEXIS 55905 (S.D. Fla. Mar. 11, 2022); *Valdizon v. Kijakazi*, No. 1:20-CV-01271-SKO, 2022 WL 378656 (E.D. Cal. Feb. 8, 2022) (noting that 20 C.F.R. § 404.1564 was amended to eliminate "inability to communicate in English" as an education category.) This was based on an agency finding that English language facility "is no longer a useful indicator of an individual's educational attainment or of the vocational impact of an individual's education because of changes in the national workforce since we adopted the current rule more than 40 years ago." 85 Fed. Reg. 10,586, 10,601 (Feb. 25, 2020). The effective date of the amendment was April 27, 2020, and the agency determined that the amendment would apply "to claims that are pending on or after the effective date." SSR 20-1p, No. SSA-2017-0046, 2020 SSR LEXIS 2, 2020 WL 1083309 (Mar. 9, 2020).

The ALJ's decision in the instant case was rendered on August 11, 2020, three months after the effective date of the amendment. Plaintiff has not shown that the ALJ's decision fails to comply with the regulations applicable at the time of the decision. Furthermore, Plaintiff has cited no authority requiring an ALJ to address English proficiency limitations in an RFC assessment or a VE hypothetical under the current regulatory scheme. Recent agency guidance suggests that such a consideration would be inappropriate. *See* Social Security Ruling 20-01p, 2020 SSR LEXIS 2, at *4, available at 2020 SSR LEXIS 2, 2020 WL 1285114 (Mar. 9 2020) ("When determining the appropriate education category, we will not consider whether an individual attained his or her education in another country or whether the individual lacks English language proficiency."). Accordingly, Plaintiff has not shown that the ALJ's decision contains reversible error in failing to explicitly discuss Plaintiff's lack of ability to communicate in English at step five.

Remand on this issue is unwarranted.

## V.   CONCLUSION

For all of the foregoing reasons, **IT IS ORDERED** that the decision of the Commissioner finding Plaintiff not disabled is AFFIRMED.

**IT IS ORDERED.**

DATED: July 29, 2022

GAIL J. STANDISH
UNITED STATES MAGISTRATE JUDGE